IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HERALD R. GUNDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:09-CV-1918 |
| | ) | |
| vs. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | JUDGE JACK ZOUHARY |
| COMPANY, and CONSOLIDATED | ) | |
| RAIL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

AND NOW, come the Plaintiff, Herald R. Gunder, and Defendants, Consolidated Rail Corporation (hereinafter "Conrail"), Norfolk Southern Railway Company (hereinafter "NSRC") and CSX Transportation, Inc. (hereinafter "CSXT", or collectively as "Defendants" or "Railroads"), by and through their respective counsel, and file the within Joint Proposed Jury Instructions as follows:

JOINT PROPOSED JURY INSTRUCTION NO. 1

### **Nature of the Action**

PLAINTIFF:  Both the Plaintiff and the Defendants in this matter have agreed that at the time and place alleged in the Complaint, the Defendant was a common carrier by the railroad, engaged in interstate commerce.  The Plaintiff and the Defendants in this matter have further agreed that the Plaintiff was then an employee of the Defendants, engaged in such commerce, and that the Plaintiff's right to recovery in this case is governed by the provisions of "The Federal Employers' Liability Act".  Shenker v. Baltimore & O.R. Co., 374 U.S. 1, 10 L. Ed. 2d 709, 83 S.Ct. 1667 (1963).

DEFENDANTS:    Plaintiff, Herald Gunder, claims damages under the Federal Employers' Liability Act, commonly known as "FELA," for personal injuries alleged to have been suffered as a result of negligence by Defendants Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation, Inc.  Defendants assert that they provided Mr. Gunder with a reasonably safe work environment and that his job duties as a carman, car inspector, brakeman, conductor and engineer did not cause, contribute to, or aggravate any of the injuries he contends were caused by the alleged negligence of the railroad Defendants.  It is agreed that, at the time and place alleged by Mr. Gunder, Conrail, NSRC, and CSXT were railroads engaged in interstate commerce.  Mr. Gunder was an employee of each railroad, engaged in such commerce.  Mr. Gunder's respective rights, if any, to recover in this case are governed by the provisions of the Federal Employers' Liability Act.  **Authority:** Federal Jury Practice and Instructions (5th ed.) §155.01

JOINT PROPOSED JURY INSTRUCTION NO. 2

**Duty of Employer as to Place of Work**

PLAINTIFF:   In this case, you must determine based upon the evidence whether the Defendants were negligent in failing to provide Herald R. Gunder with a safe place to work.


DEFENDANTS:      At the time and place in question, the Defendants each had a continuing duty as an employer to use ordinary care under the circumstances in furnishing Mr. Gunder with a reasonably safe place in which to work.  It was also their continuing duty to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.

This does not mean that the railroad is guarantor or insurer of the safety of the place to work. The extent of each Defendant's duty is to exercise ordinary care under the circumstances to see that the place in which the work is to be performed is reasonably safe under the circumstances shown by the evidence.  **Authority:** Federal Jury and Practice and Instructions (5th ed.) §155.23

JOINT PROPOSED JURY INSTRUCTION NO. 3

**Contributory Negligence - Duty of Care by Plaintiff**

PLAINTIFF:  In the event you are asked to consider the issue of contributory negligence, the Federal Employers' Liability Act specifically provides that "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee". 45 U.S.C. Sec. 53.  An employee may be more negligent than the railroad and still recover damages under the FELA.

DEFENDANTS:       The law, in general, imposes a duty upon all of us, including the Plaintiff, to use reasonable and ordinary care for our own safety.  If the Plaintiff fails to exercise this basic level of care, he was contributorily negligent.  This includes the Plaintiff's failure to use the proper methods of performing occupational duties and Plaintiff's lack of effort to minimize the risks and hazards associated with his occupational duties that the Defendants are unable to eliminate by exercising ordinary care themselves. To determine the Plaintiff's percentage of negligence, you need not have evidence to affix an exact percentage.  Instead, you must make the best and most reasonable apportionment you can in view of all of the evidence presented in this case. **Authorities:** Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997); Gowins v. Pennsylvania Railroad, 299 F.2d 431 (6th Cir. 1962), cert. denied, 371 U.S. 824 (1962); Atlantic Coastline R.R. v. Dixon, 189 F.2d 525 (5th Cir. 1951), cert. denied, 342 U.S. 830 (1951); Kurn v. Stanfield, 111 F.2d 469 (8th Cir. 1940). 45 U.S.C. § 53; Steinhauser v. Hertz Corp., 421 F.2d 1169 (2d Cir. 1970); Dale v. B. & O. R.R., 552 A.2d 1037 (1988).

4

JOINT PROPOSED JURY INSTRUCTION NO. 4

## Aggravation of Preexisting Condition

PLAINTIFF:  Therefore, Plaintiff, Herald R. Gunder, can recover for the aggravation of his injuries if the inaction or negligence of the Defendants, directly or remotely, contributed thereto. Heater v. Chesapeake & Ohio Railway Co., 497 F. 2d 1243, 1246 (7th Cir. 1974).


DEFENDANTS:    If you find for the Plaintiff, you should compensate him for any aggravation of an existing disease or physical defect resulting from such injury.  If you find that there was an aggravation, you should determine, if you can, what portion of Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition. **Authority:** Federal Jury Practice and Instructions (5th ed.) §155.65; Sauer v. Burlington Northern R.R. Co., 106 F.3d 1490, 1495 (10th Cir. 1996); Restatement (Second) of Torts § 433A(1)(a) and comment b (1965).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

Under the law and evidence, your verdict must be in favor of Plaintiff, Herald R. Gunder, and against the Defendants, if you find that the Defendants were negligent in failing to provide Herald R. Gunder with a safe place to work.

DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety based on the phrase "your verdict must be in favor of Plaintiff" which is prejudicial to Defendants.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

Negligence is the breach of a standard of care due the Plaintiff, where a reasonable man (or railroad) could foresee that the breach thereof would cause harm to the Plaintiff.  Restatement (Second) Torts, Secs. 289.

DEFENDANTS' OBJECTION:  None.

### Plaintiff's Proposed Jury Instruction No. 3

Negligence can consist of either doing something that a reasonably careful person (or railroad) would not have done under those circumstances or it may consist of failing to do something which a reasonably careful person (or railroad) would do under those circumstances. As applied in the railroad context, what this means is that the Defendant railroads were under an obligation to provide Plaintiff with a reasonably safe place to work, proper equipment, and to use reasonable care to avoid doing injury. Rediker v. Chicago, Rock Island & Pacific Railroad Co., 571 P.2d 70, 1 Kan. App. 2d 581, cert. denied 435 U.S. 982, 98 S.Ct. 1635, 56 L Ed.2d 76 (1977).


DEFENDANTS' OBJECTION: Defendants object to this jury instruction based on the use of "proper equipment" and "to use reasonable care to avoid doing injury."

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

Under the FELA, the Defendants had an affirmative non-delegable duty and must use reasonable care to furnish Herald R. Gunder with a safe place to work and provide him with equipment in proper working order to safely perform his job.

This duty cannot be passed on to any person, firm or corporation. Bailey v. Central V.R. Inc., 319 U.S. 350, 87 L.Ed. 1444, 63 S.Ct. 1062 (1943); and Ellis v. Union P.R. Co., 329 U.S. 649, 91 L.Ed. 572, 67 S.Ct. 598 (1947). This duty to provide a safe place to work is an affirmative one. This means that Defendants had the positive obligation to provide Herald R. Gunder with a safe place to work and to find any defect or hazard which would normally be revealed. Williams v. Atlantic Coastline Railroad Company, 190 F.2d 744 (5th Cir. 1951). Accordingly, if you find under all the circumstances of this case that the Defendant railroads were unreasonable in not providing Herald R. Gunder with a safe place to work and that his injuries were caused in whole or in part by such failure, then you must find for Plaintiff, Herald R. Gunder, and against Defendants.


DEFENDANTS' OBJECTION: Defendants object to this jury instruction based on the use of "provide him with equipment in proper working order to safely perform his job" and that Defendants have an obligation "to find any defect or hazard which would normally be revealed."

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

The test of a jury case, under the FELA, is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing injury for which damages are sought.  Rogers v. Missouri P.R. Co., 352 U.S. 500, 1 L.Ed. 2d 493, 77 S.Ct. 443 (1957).


DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety; in particular the use of the phrase "that employer negligence played any part, even the slightest, in producing injury for which damages are sought."

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

The FELA is to be construed liberally to allow employees injured in the course of their employment to recover even where the negligence of the employer is minimal, <u>Rodriquez v. Deloroy Connecting Railroad</u>, 473 F.2d 819 (6th Cir. 1973) and the FELA must be construed liberally to fulfill the purpose for which it was enacted.  <u>Batton v. Atlantic Coast Line Railroad Co.</u>, 211 NC 256, 193 SE 674, cert. denied. 303 U.S. 651, 58 S.Ct. 780, 82 L.Ed. 1112 (1937). The railroad has a duty and must provide trains, cars, equipment, tools, machinery and appliances and must supply them in a safe condition and maintain them and other property over which the Defendants have control in a reasonably safe and proper condition for their employee's use.  <u>St. Louis S.R. Co. v. Green</u>, 552 S.W. 2d 880 (6th Div., TX Civ. App. 1977).


<u>DEFENDANTS' OBJECTION</u>:  Defendants object to this jury instruction in its entirety; in particular the use of "railroad has a duty and must provide trains, cars, equipment, tools, machinery and appliances and must supply them in a safe condition and maintain them and other property over which the Defendants have control in a reasonably safe and proper condition for their employee's use."

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

If the Plaintiff's injury is caused or contributed to by the negligent act or omission of a fellow employee, acting in the course of his employment, then the Defendant employers will be responsible for the act of omission of the fellow employee.  <u>Sinkler v. Missouri Pacific R. Co.</u>, 356 U.S. 326, 2 L.Ed. 2d 799, 78 S.Ct. 758 (1958); <u>Seaboldt v. Pennsylvania Railroad Company</u>, 290 F. 2d 296 (3d Cir. 1961).

The negligence of a supervisor or foreman or co-worker is imputed to the railroad under the FELA.

<u>DEFENDANTS' OBJECTION</u>:  Defendants object to this jury instruction in its entirety.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

Under the Federal Employers' Liability Act, the Defendants have a non-delegable duty to provide the Plaintiff with a safe place to work; the duty on the part of the Defendants include inspection of third party property for hazards and taking precautions to protect the Plaintiff from defects.  This duty extends beyond Defendants' premises and extends to equipment which a third party may have primary obligation to maintain.  The Defendants have this duty to provide the Plaintiff with a safe place to work, with safe equipment and machinery; this is a non-delegable duty and failure to comply with this duty constitutes negligence.  Nivens v. St. Louis S.R. Co., 425 F.2d 114, (5th Cir. 1970) cert. denied. 440 U.S. 879, 27 L.Ed. 2d 116, 91 S.Ct. 121; Duncan v. St. Louis S.F.R. Co., 480 F.2d 79, (8th Cir. 1973) cert. denied. 414 U.S. 859, 38 L.Ed. 2d 109, 94 S.Ct. 69; Pyzynski v. Pennsylvania Cent. Transp. Co., 438 F. Supp. 1044 (WD NY 1977).


DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety, aside from the use of "Defendants' duty to provide Plaintiff with a reasonably safe place to work."

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

An employer must make proper tests and inspections to discover dangers in the places where employees must work and after ascertaining their existence must take reasonable precautions for the safety of the employees.  Williams v. ACL, (CCA 5, 1951), 190 F.2d 744, 748.  The employee has the right to rely on the performance of this duty by the employer and govern his acts accordingly and even if precautions are taken for an employee's safety, the employer cannot escape liability if further precautions are possible and reasonable and were not taken.  Boston and M.R.R. v. Meech, (1st Cir., 1946), 156 F.2d 109, cert. denied. 329 U.S. 763, 67 S.Ct. 124, 91 L.Ed. 658.

DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety; in particular the use of "danger" is prejudicial to Defendants.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

The Plaintiff need not show actual or constructive knowledge if there is proof that the railroads could by reasonable inspection have discovered the defect.    Porreca v. National Railroad Passenger Corporation, 1999 U.S. Dist. LEXIS 4544 at 14 (quoting Emig v. Erie Lackawanna Railway Company, 350 F. Supp. 986 (W.D. PA 1972).

DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

You may not diminish the Plaintiff's recovery in any respect in the belief that his injuries resulted from the fact that he was present at a job and in a vicinity where danger existed and injury could occur. In the law, such conscious awareness of danger is called "assumption of the risk". The Supreme Court of the United States has ruled that the defense of assumption of the risk is not available as a defense in suits brought by railroad employees under "The Federal Employers' Liability Act". Blair v. Baltimore & O.R. Co., 323 U.S. 600, 89 L.Ed. 440, 65 S.Ct. 545 (1945); and Tiller v. Atlantic C.L.R. Co., 318 U.S. 54, 87 L.Ed. 610, 63 S.Ct. 444, 143 A.L.R. 967 (1943). Accordingly, any subjective awareness of potential danger, perceived by Herald R. Gunder is irrelevant in this case.


DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety; in particular the use of "danger" or "risk" which is prejudicial to Defendants.

PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 12

You may not consider assumption of the risk as a defense. Thus, if you find a knowledgeable acceptance by the Plaintiff of a dangerous condition when such acceptance was necessary for the performance of his duties, you may not consider the fact as a defense in this case. Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir. 1973).

You may consider whether contributory negligence is present in this case. Contributory negligence involves the notion of some fault on the part of the Plaintiff. It has been defined as the failure to use the care for one's safety as would an ordinarily prudent person in similar circumstances.

However, contributory negligence is not assumption of the risk. You must find some careless act or omission of the Plaintiff, over and above the knowledgeable acceptance of a dangerous condition before you may find contributory negligence. Rivera v. Farrell Lines, Inc., supra. Thus, if you find that there were two ways in which the Plaintiff could have performed his job, one safe and the other dangerous, and that the Plaintiff selected the dangerous way, then you may find contributory negligence. Louisville and N.R. Co. v. Marill, 211 Ala. 39 (1924); Illinois C.R. Co. v. Skinner's Admix, 177 KY 62 (1917); Southern Pacific Co. v. Lacruz, 228 S.W. 108 (Tex. Co. App. 1921).


DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety; in particular the use of "danger" or "risk" which is prejudicial to Defendants. Defendants also object to this jury instruction as redundant with Plaintiff's Proposed Jury Instruction No. 11.

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

Violation of a company rule does not constitute negligence or contributory negligence as a matter of law. It is for the jury to determine whether there has been a violation of a rule and whether that violation caused the accident. Rules of a railroad company do not afford the final criteria of negligence and they are not binding upon a Court or jury. <u>Thomas v. Conemaugh Blacklick Railroad D.C.</u>, 133 F. Supp. 533 affirmed (3rd Cir.), 234 F.2d 429.

Violation of a statute ordinance, law or regulation by the Defendants can constitute a violation of the standard of care owed by the Defendants to the Plaintiff. Violation of this standard of care is evidence of negligence. <u>Wood v. Smith</u>, 495 and 601, 603 (1985). See also Restatement of Torts 2nd, Section 286.

<u>DEFENDANTS' OBJECTION</u>: Defendants object to this jury instruction in its entirety.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

Violation of a statute, ordinance, law or regulation by the Defendants, can constitute a violation of the standard of care owed by the Defendants to the Plaintiff.  Violation of this standard of care is evidence of negligence.  Restatement of Torts 2nd, Section 286.

DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety as redundant with Plaintiff's Proposed Jury Instruction No. 13.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

After you consider liability and find liability against the Defendants, you must determine that the Defendants' negligence, in whole or in part, caused, contributed to, aggravated or worsened Herald R. Gunder's personal injuries.

DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety based on language prejudicial to Defendants; in particular the use of "[a]fter you consider liability and find liability against the Defendants…"

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16

In this case, you must determine based upon the evidence after you have found liability against the Defendants what are Herald R. Gunder's damages as a result of the personal injuries he sustained.


DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety based on language prejudicial to Defendants; in particular the use of "after you have found liability against the Defendants…"

PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 17

The general proposition with respect to damages in our law is that damages are intended to compensate an injured party for the injury sustained, to put the injured party insofar as practicable in the same economic position that he or she would have been in if the accident had not occurred.  Sleeman v. C & O Ry. Co., 290 F. Supp. 817 (DC MI 1968), aff'd in part, vacated in part on other grounds, 414 F.2d 305, on remand 305 F. Supp. 33.


DEFENDANTS' OBJECTION:  None.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

If you find for the Plaintiff, your verdict for the Plaintiff should be returned in a lump

sum and should include the following:

(a)    Adequate compensation for Plaintiff's pain, suffering, discomfort, anxieties, fears,

depressions, inconveniences and all other adverse effects resulting from his injuries and

disability past, present and future. <u>Schirra v. Delaware L & W R. Co.</u>, 103 F. Supp. 812 (EDPA

1952); <u>Mileski v. Long Island R.R. Co.</u>, 499 F.2d 1169 (2d Cir. 1974).

(b)    A sum of money sufficient to compensate the Plaintiff for lost wages and loss of

earning capacity which the Plaintiff has suffered from the time of the incident through the time

he fully recovered.  <u>Baker v. B & O R. Co.</u>, 502 F.2d 638 (6th Cir. 1974).


<u>DEFENDANTS' OBJECTION</u>:  Defendants object to this jury instruction in its entirety.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19

If you conclude that the Plaintiff as a result of his injuries has been rendered less able to work than he was before, then one of the elements which you include in your damages award would be his out-of-pocket wages.  <u>Trawbridge v. Chicago & I.M. Ry. Co.</u>, 263 N.E. 2d 619 (Il. App. 1970).

<u>DEFENDANTS' OBJECTION</u>:   Defendants object to this jury instruction in its entirety. Defendants also object to this instruction as redundant with Plaintiff's Proposed Jury Instruction No. 18.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20

The Defendants must take the Plaintiff as they find him and therefore, if you find by reason of some pre-existing condition that the Plaintiff was more susceptible to injury, you may not thereby exonerate the Defendants from liability. <u>Nelson v. Black,</u> 266 P.2d 817 (1954). The Defendants are liable for all damages resulting from the aggravation or acceleration of the Plaintiff's pre-existing condition if you find that the Defendants' negligence or breach of duty played some part, even the slightest, in producing the injury which caused the Plaintiff to become disabled. <u>Milos v. Sea-Land Services, Inc.,</u> 478 F. Supp. 1014 (SDNY 1979) at 1023.


<u>DEFENDANTS' OBJECTION:</u>  Defendants object to this jury instruction as redundant with Joint Proposed Jury Instruction No. 4.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21

In any verdict for the Plaintiff you include that sum of money as would fairly compensate him for the pain, suffering, and inconvenience which he has sustained as a result of his injuries and you should consider Herald R. Gunder's pain and suffering, past, present, and future.

Plaintiff is entitled to that sum of money which in the collective good judgment of the Jury would represent fair compensation for any pain, suffering, aggravation, inconvenience, disruption of his lifestyle and so forth which is attributable to the injuries for which the Defendants are liable. Mileski v. Long Island R.R. Co., 449 F.2d 1169 (2d. Cir. 1974).

DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety. Defendants also object to this instruction as redundant with Plaintiff's Proposed Jury Instruction No. 18.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22

In assessing damages, the law allows you to award to Plaintiff a sum that will reasonably compensate him for any physical pain as a result of the Defendants' wrongdoing.  There are no objective guidelines by which you can measure the equivalent of this element of injury; the only real measuring stick, if it can be so described, if your collective conscience.  You should consider all the evidence bearing on the nature of the injuries and the likely duration thereof.  In this difficult task of putting a money figure on the aspect of injury that does not readily lend itself to an evaluation in terms of money, you should try to be as objective as the situation will permit.  Moreover, the fact that the injured person was able to work, this in of itself does not preclude or prevent you from awarding damages for pain and suffering experienced while working during his disability.  Greenburg v. McCabe, 453 F.Supp. 765 (EDPA, 1978), aff'd 594 F.2d 854 (3d Cir. 1979).  You should consider Herald R. Gunder's pain and suffering, inconvenience and loss of enjoyment of life, past, present and future when assessing compensation for non-economic damages.


DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety based on language prejudicial to Defendants.  Defendants also object to this instruction as boilerplate language.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23

The Jury is instructed that the money award to the Plaintiff shall be in today's dollars. Therefore, the jury should consider the value of the dollar today, what it will buy now and its worth at the present time rather than its value at some time in the past. Sprangler v. Helms N.Y. Pitts Motor Express, 396 PA 482, 488.

DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety based on language prejudicial to Defendants; in particular the use of "the money award to the Plaintiff."

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24

The Jury is instructed that a permanent injury is not one which eventually causes a person's death; it is disablement which accompanies him or her to the grave.   Carminati v. Philadelphia Transportation Co., 405 PA 500 (1962).


DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety based on language prejudicial to Defendants.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25

The Plaintiff has produced evidence tending to show that the injuries resulting from the occurrence, which is the subject of this lawsuit are of a nature resulting in his permanent disability.   A permanent disability is the inability to perform the duties of the Plaintiff's occupation which he ordinarily was capable of performing prior to the injury sustained.  If you find the Plaintiff's injury to be permanent, then in assessing damages much must be left to your good discretion having regard for all the evidence that has been presented.  A permanent injury need not, or course, result in total disability to be compensable.

DeMarines v. KLM, Royal Dutch Airlines, 580 F.2nd 1193 (3rd Cir. 1978).


DEFENDANTS' OBJECTION:  Defendants object to this jury instruction in its entirety based on language prejudicial to Defendants; in particular the use of "Plaintiff has produced evidence tending to show that the injuries resulting from the occurrence, which is the subject of this lawsuit, are of a nature resulting in his permanent disability."

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26

If you find liability for the Plaintiff and against the Defendants you should consider, in determining damages, any evidence that has been introduced tending to show that, as a result of this occurrence, that Plaintiff's ability to earn money in the future has been impaired or diminished. If you so find, then in arriving at a fixed money sum the cash value for this element of damage, there is no strict mathematical formula on which you can rely. So much depends on the fact picture in its entirety. You must, be reasonably certain that the Plaintiff's earning capacity has been diminished, either permanently or for a period of time which you should try to determine from the evidence. Once you are reasonably certain of this fact, the amount you decide to award must appear to you as just to both the Plaintiff and the Defendants based on circumstances shown to exist.

Heckman v. Federal Press Company, 587 F.2d 612 (3rd Cir. 1978).


DEFENDANTS' OBJECTION: None.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27

The FELA provides recovery for injuries in the nature of occupational diseases including hearing loss, asbestosis and carpal tunnel syndrome suffered by employees by reason of the railroad's negligence in requiring that employee to work under conditions likely to bring about harmful consequences. The mere difference in time required for different acts of negligence to take effect and disclose their consequences does not justify excluding occupational injuries and diseases from the coverage of the FELA. Urie v. Thompson, 337 U.S. 163 (1949). The FELA does not concern itself solely with injuries done by violent, external, accidental force occurring with suddenness generally unexpected by the recipient, but also allows recovery for occupational diseases. Atchison, Topeka & Santa Fe Railway Co. v. Preston, 257 F.2d 933 (10th Cir. 1958).

DEFENDANTS' OBJECTION: Defendants object to this jury instruction in its entirety based on language prejudicial to Defendants.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

**Corporate Defendants**

A corporate defendant is entitled to the same fair and unprejudiced treatment that you would give any individual under the same circumstances.  You may not allow bias, prejudice, or sympathy to influence your decisions.  Instead, you must decide this case with the same impartiality you would use in deciding a case between two individuals.

**Authority:**    Federal Jury Practice and Instructions §70.05 (2d Ed. 1970), §71.04 (4th Ed. 1987).

PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

### **Burden of Proof of Plaintiff**

In order to permit recovery under the FELA, a plaintiff must prove all of the following elements: (1) that the defendant was a common carrier by railroad engaged in interstate commerce; (2) that the plaintiff was employed by the railroad with duties furthering that commerce; (3) that plaintiff's injuries were sustained while he was employed by the railroad; and (4) that plaintiff's injuries were the result, in whole or in part, of the railroad's negligence.

**Authorities:** Lowery v. Illinois Cent. Gulf R. Co., 891 F.2d 1187 (5th Cir. 1990); Felton v. Southeastern Pennsylvania Transp. Auth., 952 F.2d 59 (3d Cir. 1991).

PLAINTIFF'S OBJECTION: None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

**When Verdict Should Be For Defendants**

If you should find: (1) that the Defendants were not negligent; or (2) that they were negligent, but such negligence was not a cause of the injuries or damages alleged by Mr. Gunder, then your verdict should be for Defendants.

**Authority:**    Federal Jury Practice and Instructions (5th ed.) §155.51

PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

## Negligence Required

In order to recover under the FELA in this case, Plaintiff must prove that the Defendants acted negligently.  Negligence is the failure to act with the ordinary care that a reasonable, prudent person would use in light of all the circumstances present.  The FELA does not require that employers exercise the highest degree of care, but only requires them to use the same degree of care as an ordinary, reasonable person would use in similar circumstances.  It is up to you to decide whether the Defendants acted with reasonable care in this case.

**Authorities**:  Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997); Eaton v. Long Island Railroad Co., 398 F.2d 738 (2d Cir. 1968); Peyton v. St. Louis Southwestern Railway Co., 962 F.2d 832 (8th Cir. 1992); Tennant v. Peoria & Pekin Union Railway Co., 321 U.S. 29, (1944); Davis v. Burlington Northern, Inc., 541 F.2d 182 (8th Cir. 1976), cert. denied, 429 U.S. 1002 (1976).

PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

### **Inference From Fact of Accident Alone**

The mere fact, standing alone, that an accident happened does not, unless otherwise expressly stated, permit you to draw the inference that the injury was caused by anyone's negligence.

**Authority:**    Federal Jury and Practice and Instructions (5th ed.) §155.41

PLAINTIFF'S OBJECTION:   Plaintiff objects to the language of this jury instruction as more appropriate for a trauma case, rather than repetitive stress/cumulative trauma case.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

**Foreseeability**

You have previously been instructed on the nature of this case. Mr. Gunder alleges that the Defendants acted negligently and that their negligence caused his injury. In order for Mr. Gunder to recover, he must prove by a preponderance of the evidence: (1) that Defendants acted in a negligent manner; (2) that Defendants' negligence caused, in whole or in part, his injury; (3) that his injury resulted directly from the Defendants' lack of reasonable and ordinary care; and (4) that Mr. Gunder has suffered an actual loss as a result of his injury.

In addition, the Federal Employers' Liability Act requires Mr. Gunder to show that there was a "reasonable foreseeability of harm" in order to establish negligence and recover. Defendants' duties are determined by what was reasonably foreseeable under the circumstances or reasonably should have been anticipated. If you find that Defendants, through their officers, agents or employees, using ordinary care, could not have reasonably foreseen the possibility of harm to Mr. Gunder, you must find for the Defendants.

**Authorities**:   Peyton v. St. Louis S.W. R. R. Co., 962 F.2d 832 (8th Cir. 1992); Davis v. Burlington Northern, Inc., 541 F.2d 182 (8th Cir. 1976); Hines v. Consol. Rail Corp., 926 F.2d 262 (3d Cir. 1991); Robert v. Consol. Rail Corp., 832 F.2d 3 (1st Cir. 1991); Gonet v. Chicago & Northwestern Transportation Co., 552 N.E.2d 1224 (1990); Turner v. Norfolk & Western Ry Co., 785 S.W.2d 569 (1990); Gallick v. Baltimore & Ohio R. R., 372 U.S. 108 (1963).

PLAINTIFF'S OBJECTION: Plaintiff objects to the language of the first paragraph of this jury instruction as redundant with Defendants' Proposed Jury Instruction #2, and with the second paragraph as boilerplate language.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

## Use of Hindsight Inappropriate

You must determine whether Defendants acted reasonably in light of the knowledge that they possessed at the time the Plaintiff's injury occurred.  Defendants may not be held liable on the basis of knowledge Defendants learned after Plaintiff's injury occurred.  You may not use hindsight, but must instead determine whether each Defendant exercised reasonable care in light of the circumstances that then and there existed and Defendants' knowledge at the time the injury occurred.

**Authority**:    See, Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525 (5th Cir. 1951), cert. denied, 342 U.S. 830 (1951).

PLAINTIFF'S OBJECTION:  Plaintiff objects to the language of this jury instruction as more appropriate for a trauma case, rather than repetitive stress/cumulative trauma case.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

### No Duty to Provide Latest, Best or Most Perfect Equipment

The FELA does not require Defendants to provide their employees, including Plaintiff, with the latest, best or most perfect equipment, nor does it require Defendants to provide employees with an absolutely safe work place.  Defendants were not required to discard standard equipment already in use upon the discovery of later improvements, provided the equipment in use was reasonably safe and suitable.  You may not hold Defendants liable for continuing to use standard equipment or work stations after the discovery of later improvements, provided that Plaintiff had a reasonably safe workplace in which to perform his assigned duties at the time the alleged injury occurred.

**Authorities:**  Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525 (5th Cir. 1951), cert. denied, 342 U.S. 830 (1951); Baltimore & Ohio R. R. Co. v. Groeger, 266 U.S. 521 (1925); Pursglove v. Monogahela Ry., 131 A. 477 (1925); Chicago v. Northwestern Ry Co. v. Bower, 241 U.S. 470 (1916); Soto v. Southern Pacific Transp. Co., 514 F.Supp. 1 (5th Cir. 1979); Chicago, Rock Island & Pacific R. R. Co. v. Lint, 217 F.2d 279 (8th Cir. 1954); Stillman v. Norfolk & Western Ry. Co., 811 F.2d 834 (4th Cir. 1987); Ewing v. St. Louis S.W. Ry. Co., 772 S.W.2d 774 (Mo.App. 1989).

PLAINTIFF'S OBJECTION:  Plaintiff objects to the language of this jury instruction as inapplicable to the facts of this case.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

### Contributory Negligence - Plaintiff's Non-Railroad Activities

You may consider Plaintiff contributorily negligent if you find that Plaintiff failed to protect himself from incurring injuries in the course of pursuing recreational activities or other activities outside of his employment with Defendants.

**Authority:**    Paul v. Mo. Pac. R.R. Co., 963 F.2d 1058 (8th Cir. 1992), cert. denied, 506 U.S. 999 (1992).

PLAINTIFF'S OBJECTION:   Plaintiff objects to the language of this jury instruction as inapplicable to the facts of this case.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

### Reduction of Damages for Contributory Negligence

If you find for the Plaintiff, but also find that his own negligence was a cause of his injury, you must specify the percentage of negligence you attribute to the Plaintiff. [*For example, if you attribute to Mr. Gunder 60 percent of the total negligence which caused his injury, the amount you would otherwise award him must be reduced by 60 percent. Of course, by using 60 percent as an example, I do not mean to suggest any figure to you. The percentage of his negligence, if any, is for you to decide.*]

**Authority:**   Federal Jury and Practice and Instructions (5th ed.) §155.64


PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

### **Burden of Establishing Contributory Negligence**

It is the Defendants' burden to prove that the Plaintiff was contributorily negligent in failing to act reasonably or use ordinary care to protect his own health and safety. The Defendants must show, by a preponderance of the evidence, the Plaintiff's own acts and/or his failure to act contributed in whole, or in part, to causing his injury. If the Defendants so prove, then you must reduce the total monetary award to the Plaintiff by an amount which equals the percent of the Plaintiff's damages caused by Plaintiff's own contributory negligence.

**Authorities:**   Paul v. Mo. Pac. R.R. Co., 963 F.2d 1058 (8th Cir. 1992) cert. denied, 506 U.S. 999 (1992); Gowins v. Pennsylvania R.R., 299 F.2d 431 (6th Cir. 1962).

PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12

## Causation

If you find by a preponderance of the evidence that the Plaintiff was an employee of the Defendants, acting in the course of his duties at the time of his injury, and that the Defendants were negligent, you must then consider whether each Defendant's negligence caused the Plaintiff's alleged injury.

**Authorities:**   Norfolk S. Ry. Co. v. Sorrell, 549 U.S. 158, 165-69 (2007); Brady v. S. Ry. Co., 320 U.S. 476, 483-84 (1943); Gallick v. Baltimore & Ohio R.R., 372 U.S. 108, 120 n8 (1963); Chapman v. Union Pac. R.R., 467 N.W.2d 388, 395 (Neb. 1991); Marazzato v. Burlington N. R. Co., 817 P.2d 672, 674-75 (Mont. 1991).

PLAINTIFF'S OBJECTION:   Plaintiff objects to the language of this jury instruction as redundant with Defendants' Proposed Jury Instruction No. 2. Plaintiff will approve this jury instruction if the last sentence ends with "…negligence caused or contributed to the Plaintiff's alleged injury."

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

**Causation**

In order to establish that an injury was caused by the Defendants' negligence, the Plaintiff must show that (i) the injury resulted "in whole or in part" from the Defendants' negligence, and (ii) the Defendants' negligence was a proximate cause of the injury.

**Authorities:**  45 U.S.C. § 51; Coray v. S. Pac. Co., 335 U.S. 520, 523 (1949); Tennant v. Peoria & Pekin Union Ry. Co., 321 U.S. 29, 32 (1944); Brady v. S. Ry. Co., 320 U.S. 476, 483-84 (1943); Chapman v. Union Pac. R.R., 467 N.W.2d 388, 395 (Neb. 1991); Marazzato v. Burlington N. R. Co., 817 P.2d 672, 674-75 (Mont. 1991).

PLAINTIFF'S OBJECTION:  Plaintiff objects to this jury instruction in its entirety based on the use of the phrase "proximate cause." Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500 (1957).

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

## Causation

The Plaintiff must first show that his injury resulted "in whole or in part" from each Defendant's negligence. The phrase "in whole or in part" as used in this instruction means that while the Plaintiff need not show that Defendant's negligence was the only cause of his injury, he must show that Defendant's negligence played at least some part in causing the injury.

**Authority:**     45 U.S.C. § 51; Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 505-07 (1957).


PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15

## Causation

Accordingly, Defendants are not responsible if any other cause (or group of causes), including the Plaintiff's own negligence, was solely responsible for the Plaintiff's injury.

**Authority:**    Toth v. Grand Trunk R.R., 306 F.3d 335, 351 (6th Cir. 2002); Walden v. Illinois Central Gulf R.R., 975 F.2d 361, 364 (7th Cir. 1992).

PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

## Causation

If you find that the Plaintiff's injury was caused, at least in part, by a Defendant's negligence, you must then determine whether that negligence was a proximate cause of the Plaintiff's injury.  An injury is proximately caused by the Defendant's negligence only if the Plaintiff's injury was a natural and probable consequence of that Defendant's negligence.

**Authorities:**  Tenant v. Peoria & Pekin Union Ry. Co., 321 U.S. 29, 32 (1944); Brady v. S. Ry. Co., 320 U.S. 476, 483-84 (1943); Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 505-07 (1957); Chapman v. Union Pac. R.R., 467 N.W.2d 388, 395 (Neb. 1991); Marazzato v. Burlington N. R. Co., 817 P.2d 672, 674-75 (Mont. 1991).

PLAINTIFF'S OBJECTION:  Plaintiff objects to this jury instruction in its entirety based on the use of the phrase "proximate cause." Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500 (1957).

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17

**Proximate Causation**

If the Defendant's negligence merely created an incidental condition or situation in which something else directly brought about the Plaintiff's injury, the Defendant's negligence is not a proximate cause of the injury.

**Authorities:**  Davis v. Wolfe, 263 U.S. 239, 243 (1923); Green v. River Terminal Ry., 763 F.2d 805, 810 (6th Cir. 1985).

PLAINTIFF'S OBJECTION:  Plaintiff objects to this jury instruction in its entirety based on the use of the phrase "proximate cause." Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500 (1957).

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

### Punitive Damages

If you reach a verdict in favor of the Plaintiff, the monetary award must be reasonable. You may not enlarge the amount so that it constitutes a gift or a windfall to the Plaintiff or a punishment or penalty to the Defendants.  Under the Federal Employers' Liability Act, the law applicable to this case, the sole purpose of an award of damages is to provide the plaintiff with a reasonable amount of money to compensate him for his injury; damages are not permitted for the purpose of punishing the defendant.

**Authorities:**   45 U.S.C.S. §§51-60; Monessen Southwestern Ry. Co. v. Morgan, 486 U.S. 330 (1988); Miles v. Apex Marine Corp., 498 U.S. 19 (1990); Kozar v. Chesapeake and Ohio Ry., 449 F.2d 1238 (6th Cir. 1971).

PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION No. 19

**<u>Certainty of Damages</u>**

You are not permitted to award any amount for future damages unless you are reasonably certain that these damages will, in fact, occur.  Damages which are merely possible, but not reasonably certain, are speculative, and you cannot award them.

**Authorities:**   <u>Bell v. Consolidated Rail Corp.</u>, 299 F.Supp.2d 795 (N.D. Ohio 2004); <u>Shelton v. Thompson</u>, 148 F.2d 1 (7th Cir. 1945); <u>Khan v. Southern Pac. Co.</u>, 282 P.2d 78 (Cal. App. 1955).

<u>PLAINTIFF'S OBJECTION</u>:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20

## **Mitigation**

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to affect a recovery from such injuries.

**Authority:**    Federal Jury Practice and Instructions (5th ed.) §155.54

<u>PLAINTIFF'S OBJECTION</u>:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21

### Apportionment

You must **not** award damages to Plaintiff for the injuries that he sustained as a result of other causes including, but not limited to, Plaintiff's age, weight, genetics, off the job injuries, sporting activities, medical conditions and participation in other non-railroad activities. You must only award the amount of damage that occurred as a direct result of each Defendant's negligence.

If you find that Plaintiff's injury was due in part to any non-railroad conditions or activities, you should determine the portion or percentages of Plaintiff's injury that were so caused.

**Authority:**   Restatement (Second) of Torts §433A (1965); Harris v. Illinois Cent. R.R. Co., 58 F.3d 1140 (6th Cir. 1995); Dale v. Baltimore & Ohio R.R., 552 A.2d 1037 (1989); Meyer v. Union Railroad Co., 865 A.2d 857 (2004).

PLAINTIFF'S OBJECTION:  Plaintiff objects to this jury instruction based on the use of "off the job injuries," "sporting activities" and "participation in other non-railroad activities." Plaintiff also objects where the language introduces proximate causation. Plaintiff also objects to the second paragraph in its entirety.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22

**Apportionment of Damages**

If you find that the Plaintiff's injury was due in part to pre-existing conditions and in part to Defendants' aggravation of those pre-existing conditions, you must determine how much of the Plaintiff's injury was due to his pre-existing conditions and how much of the Plaintiff's injury was the result of Defendants' aggravation of those pre-existing conditions. Defendants can only be held responsible for that portion of the Plaintiff's injury that is the result of each Defendant's aggravation of those pre-existing conditions.

**Authority:**   Meyer v. Union Railroad Company, 865 A.2d 857 (Pa.Super. 2004); Sauer v. Burlington Northern Railroad Co., 106 F.3d 1490, 1495 (10th Cir. 1997); Taylor v. Burlington N. R.R. Co., 787 F.2d 1309 (9th Cir. 1987); Varhol v. Nat'l R.R. Passenger Corp., 909 F.2d 1557, 1564 (7th Cir. 1990).

PLAINTIFF'S OBJECTION:  Plaintiff objects to the language of this jury instruction whereas Plaintiff does not agree that pre-existing conditions are part of this case.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

### Entitlement to Damages

The fact that I have instructed you concerning the subject of damages should in no way be interpreted by you as implying that I believe the Plaintiff is, or is not, entitled to damages. You are solely responsible for deciding each Defendant's liability for damages as you apply the law incorporated in these instructions to the facts and evidence presented at trial.

**Authority:**   Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35, 43 (E.D.Pa. 1969), aff'd in part, rev'd in part, 430 F.2d 325 (3d Cir. 1970), cert. denied, 401 U.S. 974 (1971).

PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24

## Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.   An exception to this rule exists for "expert witnesses."   An expert witness is a person who, by education and experience, has become an expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be an expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**Authority:**     Federal Jury Practice and Instructions (5th ed.) §104.40

PLAINTIFF'S OBJECTION:  None.

DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25

### Experts and Other Witnesses

An expert witness is one, who by experience, training, skill, special knowledge, education, profession or occupation, is permitted to state an opinion regarding issues outside his/her ordinary understanding and experience.  You are not required to accept an expert's opinion merely because he or she is an expert; you may accept or reject their testimony as you do any other witness.

When you evaluate the amount of weight and credibility to give an expert's opinion, you should consider the expert's qualifications, his/her motive for giving his/her opinion and the source of the expert's information.

**Authority:**    Singer Co. v. E.I. DuPont de Nemours & Co., 579 F.2d 433 (8th Cir. 1978); Obold v. Obold, 163 F.2d 32 (C.A.D.C.1947).

PLAINTIFF'S OBJECTION:  None.

57

Respectfully submitted,

HANNON & PALERMO, P.C.

By:  /s/ Don P. Palermo
Don P. Palermo, Esquire
Public Ledger Building, Suite 940
150 S. Independence Mall West
Philadelphia, PA  19106
Telephone: (215) 446-4460
Attorneys for Plaintiff

ANSPACH MEEKS ELLENBERGER LLP

By:  /s/ James R. Carnes
James R. Carnes, Esquire
Ohio I.D. No. 70005
300 Madison Ave., Suite 1600
Toledo, OH  43604
Telephone: (419) 246-5757
Fax: (419) 321-6979
jcarnes@anspachlaw.com

Attorneys for Defendant,
CSX Transportation, Inc.

BURNS WHITE LLC

By:  /s/ David A. Damico
David A. Damico, Esquire
Ohio I.D. No. 56053
Four Northshore Center
106 Isabella Street
Pittsburgh, PA  15212
Telephone: (412) 995-3000
Fax: (412) 995-3300
dadamico@burnswhite.com

/s/ T.H. Lyda
T.H. Lyda, Esquire
thlyda@burnswhite.com
(admitted *pro hac vice*)

/s/ Brian M. Mancos
Brian M. Mancos, Esquire
bmmancos@burnswhite.com
(admitted *pro hac vice*)

Attorneys for Defendants,
Norfolk Southern Railway Company,
and Consolidated Rail Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of February, 2011, a true and correct copy of the within **Joint Proposed Jury Instructions** was served upon all counsel of record by electronic means and first class, U.S. Mail, postage pre-paid, addressed as follows:

Don P. Palermo, Esquire
Hannon & Palermo, P.C.
Public Ledger Building, Suite 940
150 S. Independence Mall West
Philadelphia, PA  19106-3413

James R. Carnes, Esquire
Anspach Meeks Ellenberger – Toledo
Ste. 1600
300 Madison Avenue
Toledo, OH 43604

Respectfully submitted,

BURNS WHITE LLC

By:      /s/ David A. Damico
David A. Damico, Esquire
Ohio I.D. No. 56053
Four Northshore Center
106 Isabella Street
Pittsburgh, PA  15212
Telephone: (412) 995-3000
Fax: (412) 995-3300
dadamico@burnswhite.com