### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| HERALD R. GUNDER, | ) | Case No. 3:09-CV-1918 |
| Plaintiff, | ) | Judge Jack Zouhary |
| v. | ) | **RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS** |
| CSX TRANSPORTATION, INC., et al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\* \* \*

Plaintiff has objected to Defendants' Bill of Costs. "In the Sixth Circuit, the unsuccessful party has the burden 'to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." *Kaufmann v. Ohio Edison Co.*, 2011 U.S. Dist. LEXIS 23336 (N.D. Ohio Mar. 8, 2011), *citing White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 732 (6th Cir. Mich. 1986). Such circumstances include cases where taxable expenditures by the prevailing party are unnecessary or unreasonably large, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for

the defendant, and cases that are "close and difficult." *White & White, Inc.*, 786 F.2d at 732.

Without citing to the relevant standard, Plaintiff appears to be arguing the costs are excessive, based in large part upon Plaintiff's misunderstanding of the evidence.[1] This case involved two separate and distinct defendants, each represented by separate counsel. Although Defendants submitted two nearly identical affidavits, one from each law firm involved, the costs identified are a single set of costs. Plaintiff mistakenly believes that Defendants are "double-billing." This is simply not the case.

### I. Fees submitted for printer or electronically recorded transcripts necessarily obtained for use in the case

Most of the transcripts were ordered by both CSXT's counsel and Conrail's counsel and Defendants believe they would have been well within their rights to seek reimbursement for each transcript ordered as they are separate parties. Nevertheless, Defendants did not do so. Defendants only sought fees for a *single* transcript for each of the following:

| | |
|---|---|
| Deposition transcript of Herald Gunder | $631.80 |
| Trial transcript of Herald Gunder | $348.80 |
| Deposition Transcript of Robert Hartwig, M.D. | $205.50 |
| Deposition Transcript of Mohammed Abusamieh, M.D. | $179.50 |
| Deposition Transcript of Stephen Morrisey, Ph.D. | $824.85 |
| Deposition Transcript and video of Dr. Kosinski | $1,066.53 |
| Total | $3,256.58 |

In accusing the Defendants of "double-billing," Plaintiff either failed to review the documents, or failed to read them correctly.

---

[1] Plaintiff also notes that the Bill of Costs here is substantially larger than one awarded in another case, *Potrykus v. CSX Transportation, Inc.*, Case No. 3:09-cv-00744. This is, of course, completely beside the point because *Potrykus* was a completely different case. Although an FELA case, *Potrykus* did not involve the same injuries, did not involve multiple defendants, did not involve the same number of deponents as this case, and did not involve document-extensive discovery and theories of negligence dating back to the 1970's, as did this case.

Furthermore, the transcripts were necessarily obtained for use in the case. "'Necessarily obtained for use in the case' does not mean that the transcript is 'indispensable,' but it must be 'necessary to counsel's effective performance or the court's handling of the case.'" *Cooley v. Lincoln Elec. Co.*, 2011 U.S. Dist. LEXIS 22731, 171-172 (N.D. Ohio Mar. 7, 2011). The transcripts of the depositions of Mr. Gunder, Dr, Hartwig, and Dr. Morrisey were undeniably necessary, as they were used in preparation for or even during cross-examination at trial. Similarly, the trial transcript of Mr. Gunder's testimony was used to prepare for closing arguments. *See Cooley* at 171-172 (allowing costs for daily trial transcripts.) Dr. Abusamieh's testimony was necessary to establish that Plaintiff was precluded from returning to work because of his rheumatoid arthritis. (The transcript was not used at trial because Plaintiff ultimately admitted as much, but the transcript was necessary in case Plaintiff failed to do so.)

Plaintiff correctly notes that Defendants decided during trial not to use the video-taped testimony of Dr. Kosinski. Accordingly, Defendants withdraw the request for $1,066.53, representing the transcript and video of Dr. Kosinski's testimony, leaving a total of $2,190.05 for the remaining transcripts.

**II.    Fees and Disbursements for printing**

Defendants paid $1,306.43 in obtaining Plaintiff's medical records. Plaintiff's medical condition was at issue in this case and Defendants submit that such records were necessary to effectively defend against Plaintiff's case. Again, Defendants are not "double-billing," but are seeking reimbursement for a *single* set of the records.

**III.    Fees for witnesses**

Defendants called one witness and seek $40 to reimburse Defendants for the witness fee paid to Mr. Williams.

3

### IV. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case

Defendants seek reimbursement of $7,025.36 in copying costs. Specifically, the Burns White firm paid $2,178.31 for copying costs associated with documents produced in discovery. (See 6/1/2009 and 6/3/2009 invoices from IKON, as Exhibit C to the Bill of Costs.) The Burns White firm also paid $2,373.09 for copying and reproducing exhibits for trial. (See 2/18/2011 invoice from IKON, attached as Exhibit C to the Bill of Costs.) As Plaintiff correctly notes, the Burns White firm also paid $420.51 related to exhibit blow-ups that were ultimately not used for trial. (See 2/28/2011 invoice from IKON, as Exhibit C to the Bill of Costs.) Accordingly, Defendants hereby amend their request to exclude those costs. Thus, Defendants can establish that $4,551.40 was paid to IKON for the copying of documents produced in discovery or as trial exhibits.

In addition, as set forth in the affidavit attachments, the Burns White and Anspach firms incurred expenses of $1,593.60 and $459.85 respectively in other copies related to the defense of this case for an additional total of $2,053.45.

Thus, the amount requested as amended for copying costs is $4,551.40 paid to IKON for the copying of documents produced in discovery or as trial exhibits, and $2,053.45 representing copying costs of defense counsel for a total of $6,604.85.

### V. Conclusion

Plaintiff has failed to meet his burden "to show circumstances sufficient to overcome the presumption" favoring an award of costs to the Defendants. Accordingly, Defendants respectfully request the Court tax costs in the amount of $10,141.33.

4

Respectfully Submitted,

ANSPACH MEEKS ELLENBERGER LLP

s/ James R. Carnes
James R. Carnes (0070005)
300 Madison Ave., Suite 1600
Toledo, OH 43604-2633
Tel.: (419) 246-5757
Fax: (419) 321-6979
jcarnes@anspachlaw.com

BURNS WHITE, LLC

s/T.H. Lyda
T.H. Lyda
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
Telephone: (412) 995-3000
Fax: (412) 995-3300
thlyda@bwhllc.com

Attorneys for Defendants

.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

ANSPACH MEEKS ELLENBERGER LLP

s/ James R. Carnes
James R. Carnes (0070005)
300 Madison Ave., Suite 1600
Toledo, OH  43604-2633
Tel.:  (419) 246-5757
Fax:  (419) 321-6979
jcarnes@anspachlaw.com

Attorneys for Defendant,
CSX Transportation, Inc.